## Laura S. Thompson, Plaintiff in Error, v. Ancient Order of Gleaners, Defendant in Error.

### Gen. No. 6,193.   (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. · Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Action by Laura S. Thompson, plaintiff, against Ancient Order of Gleaners, defendant, to recover on a benefit certificate on the life of her husband. From a judgment for defendant, plaintiff brings error.

ROBERT CARR and BUTTERS & CLARK, for plaintiff in error.

H. M. KELLY, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE—*when evidence sufficient to sustain finding that insured did not pay money to treasurer of local order to cover delinquent assessments.* In an action on a death benefit certificate issued by a fraternal beneficiary society, evidence *held* sufficient to sustain a finding that insured did not make payment of delinquent assessments to the treasurer of the local order.

2. INSURANCE, § 782*—*when failure to pay dues and assessments constitutes automatic suspension of member of fraternal beneficiary society.* The failure of a member of a fraternal beneficiary society to pay dues and assessments causes his automatic suspension under laws of the society, providing that the failure to pay dues or assessments operates as a suspension of a member.

3. INSURANCE, § 807*—*how member of fraternal beneficiary so-*.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ciety automatically suspended for failure to pay dues and assessments may be reinstated.* Where a member of a fraternal beneficiary society has been automatically suspended under the laws of the society because of his failure to pay dues and assessments, he cannot become reinstated without complying with the requirements of the society unless some one with authority waives such requirements.

4. INSURANCE, § 797*—*when receipt of dues and assessments by local officer does not constitute waiver of requirement for reinstatement in fraternal beneficiary society.* The receipt of dues and assessments from a member of a fraternal beneficiary society, who has been automatically suspended because of his failure to pay dues and assessments as required by the laws of the society, by the local secretary and treasurer, does not constitute a waiver of a requirement for the production of a certificate of good health as a condition for reinstatement, so as to constitute a reinstatement, where such local officer at the time of taking the money advised the member that it was doubtful whether he could be reinstated and that it must depend upon the action of the superior officers of the company.

5. DEPOSITIONS, § 40*—*when objections to interrogatories must be made before trial.* Objections to interrogatories in a deposition as to books and documents, copies of which are sought to be used in evidence, that sufficient foundation was not laid for their introduction in evidence, must be made before the trial.

6. DEPOSITIONS, § 43*—*when questions as to competency of interrogatories not considered on appeal.* Where there is no reasonable presumption from the record that anything got into evidence that could not easily have been made competent by a retaking of a deposition, if the questions had been held bad on a motion to suppress, questions raised on appeal, as to competency of interrogatories, that should have been first raised on the taking of the deposition or on the motion to suppress, will not be considered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.